**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VANCE STRADER, | Civil Action |
| Plaintiff, | 2:17-cv-00684-MRH |
| v. | *Electronically Filed* |
| U.S. BANK, NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS COMPLAINT WITH PREJUDICE**

**SANDELANDS EYET LLP**
*Attorneys for Defendants*
Matthew T. Eyet, Esq.
Pennsylvania Attorney I.D. No. 317312
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
Email: meyet@se-llp.com
908-470-1200 (P)
908-470-1206 (F)

Defendants U.S. Bank National Association as Trustee for First Franklin ("U.S. Bank"); Richard Davis; Michael Bengtson; Nationstar Mortgage LLC ("Nationstar"); Jay Bray; Salina Baca; Jessica Moore; Andrea Friedrich; William Viana; Sandelands Eyet LLP ("SE LLP"); William Sandelands; Matthew Eyet; Alina Eyet; Mitchell Zipkin; and Cara Ann Murphy (collectively, "Defendants"), by and through undersigned counsel, hereby move to dismiss (the "Motion") the complaint (the "Complaint") and Notice to Amend Claim to Remove Jessica Moore from Verified Claim and to Add a Common Law Claim (the "Notice to Amend") filed by plaintiff Vance Strader ("Plaintiff"), with prejudice, pursuant to Rules 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Having been met with no success in advancing various legal and factual theories in the ongoing foreclosure action pending in the Court of Common Pleas of Allegheny County, Plaintiff files this action seeking to collaterally attack those state court proceedings, and to punish the lender, its employees, and its attorneys from pursuing that foreclosure action. However, under Pennsylvania law, litigants and their attorneys are immune from suit based upon their statements in the course of litigation – specifically to prevent the filing of this type of secondary action. In addition, courts have held that the Fair Debt Collection Practices Act is inapplicable to litigants and their attorneys pursuing foreclosure of the lender's security. Further, as set forth specifically below, Plaintiff's various claims must fail because Plaintiff does not meet the basic requirements for pleading the identified causes of action. Indeed, as to many defendants, nothing more is alleged than that they are employees of the lender or servicer, or that they are in some way affiliated with the law firms either handling the Foreclosure Action or defending against claims asserted by Plaintiff in the underlying foreclosure, and therefore are "debt collectors."

1

Defendants now seek dismissal of the Complaint in its entirety as to all defendants. In the alternative, Defendants respectfully request that, upon the dismissal of the Fair Debt Collection Practices Act allegations that are the basis for subject matter jurisdiction, the Court abstain from hearing the remaining state law claims.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The instant action was commenced by Plaintiff in connection with certain real property having an address of 231 Yosemite Drive, Pittsburgh, PA 15235 (the "Property"). As a result of Plaintiff's default under the terms of his deceased mother's mortgage loan, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-4, Mortgage Pass-Through Certificates, Series 2007-4 commenced a foreclosure action on or about September 29, 2015, by filing a complaint through their counsel, Shapiro & DeNardo, LLC in the Court of Common Pleas of Allegheny County, under Docket No. MG-15-001358 (the "Foreclosure Action").[1]

On or about May 3, 2016, Plaintiff, as alleged executor of his mother's estate, filed an answer with affirmative defenses and counterclaims (the "Answer") to U.S. Bank's complaint in the Foreclosure Action.[2] In his Answer, Plaintiff set forth five counterclaims that are substantially similar to the claims he alleges in his Complaint in the instant action: (Count 1) Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and Fair Credit Extension Uniformity Act; (Count 2) RICO; (Count 3) Unjust Enrichment; (Count 4) Abuse of Process; and (Count 5) Invasion of Privacy.[3]

---

[1] See Exhibit A. All referenced exhibits are attached to the Motion filed herewith.
[2] See Exhibit B.
[3] Id. at pp. 10-19.

Plaintiff's counterclaims in his Answer were also directed at parties that are substantially similar to Defendants in the instant action: "U.S. Bank, Richard Davis, Michael Bengtson, Nationstar, Jay Bray, Saline Baca, Jessica Moore, Andrea Friedrich, William Viana, Shapiro and DeNardo, Katherine Wolf and Sarah McCaffery."[4]

On or about May 23, 2016, Plaintiff filed an amended answer in the Foreclosure Action (the "Amended Answer"), adding two additional counterclaims against the same defendants that are similar to those asserted in his Complaint in the instant action: (Count 5 [sic]) Libel and Slander; and (Count 6 [sic]) Fraud.[5] On or about October 14, 2016, Plaintiff filed yet another amended answer in the Foreclosure Action, adding two additional defendants that are named defendants in the instant action: SE LLP and Mitchell E. Zipkin.[6] On or about November 17, 2016, after U.S. Bank filed preliminary objections in the Foreclosure Action to Plaintiff's numerous answers, the court entered an Order granting dismissal of all of Plaintiff's counterclaims.[7] As it currently stands, the Foreclosure Action remains open and ongoing.[8]

Plaintiff has now filed the instant action in the United States District Court for the Western District of Pennsylvania by way of Complaint[9] and Notice to Amend[10] again seeking to challenge the right of U.S. Bank to foreclose and the actions of the loan servicer, Nationstar, and the law firms and attorneys, in pursing the Foreclosure Action.  The same claims were rejected by the state court in its November 17, 2016 order.[11]

---

[4] Id. at p. 10.
[5] See Exhibit C.
[6] See Exhibit D.
[7] See Exhibit E.
[8] Id.
[9] See Exhibit F.
[10] See Exhibit G.
[11] See Exhibit E.

The Complaint and Notice to Amend seek relief under seven separate counts: (Count 1) FDCPA (Compl. at ¶¶ 1-61); (Count 2) Constitutional Violations (Compl. at ¶¶ 62-65); (Count 3) Unjust Enrichment (Compl. at ¶¶ 66-84); (Count 4) Abuse of Process (Compl. at ¶¶ 85-103); (Count 5) Invasion of Privacy (Compl. at ¶¶ 104-112); (Count 5 [sic]) Libel and Slander (Compl. at ¶¶ 113-119); and (Count VI) Trespass (Notice to Amend at ¶¶ 2-13). The claims center on the allegations that Defendants are debt collectors and attempting to illegally foreclose against him. (See Compl. at ¶¶ 17, 19-28, 35-48, 50-58, 64, 79, 86, 90-98, 106-112). Plaintiff even goes as far to state that the Court of Common Pleas of Allegheny County, the sheriff, his deputies and the clerk of the county are debt collectors as well. (Compl. at ¶ 18).

Similarly, throughout the Complaint, Plaintiff sets forth challenges to standing (Compl. at ¶ 28, 40, 51-52, 55, 96-98), the assignment of the mortgage (Compl. at ¶ 33-34, 82, 87-88, 92-94), the note (Compl. at ¶ 71, 73), his default (Compl. at ¶¶ 7, 19, 21) and the requisite foreclosure notices that were issued. (Compl. at ¶ 49).

In sum, the allegations in the present Complaint and Notice to Amend are, in fact, the subject of ongoing proceedings in the Foreclosure Action, or already were rejected by the state court.

## ARGUMENT

### I.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Generally speaking, Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim if, after accepting as true all of the plaintiff's allegations and the reasonable inferences derived, no relief could be granted under any set of facts set forth in the Complaint.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do .
. . .” <u>Bell Atlantic Corp. v. Twombly</u>, 550 <u>U.S.</u> 544, 555 (2007) (internal quotations and citations
omitted).   Further, although the facts pled are assumed as true in this context, there still must be
factual allegations sufficient to state a claim.  <u>Id.</u> at 562-63.

It is also important to note that legal conclusions made under the guise of factual allegations
are not given the presumption of truthfulness.  <u>DeJoy v. Comcast Cable Communications, Inc.</u>,
941 <u>F. Supp.</u> 468, 472 (D.N.J. 1996); <u>see also</u> <u>Perry v. Grant</u>, 775 <u>F. Supp.</u> 821, 824 (M.D. Pa.
1991) (“conclusory allegations of law, unsupported conclusions and unwarranted references need
not be accepted as true.”). Moreover, in considering a Rule 12(b)(6) motion to dismiss, courts must
determine whether the “facts alleged in the complaint are sufficient to show the plaintiff has a
‘plausible claim for relief.’”   <u>Fowler v. UPMC Shadyside</u>, 578 <u>F.</u>3d 203, 210-11 (3d Cir. 2009).
The plaintiff’s allegations, taken together, must support a plausible claim under *each* cause of
action.  <u>Id.</u> at 210.

In the same vein, Rule 8 of the Federal Rules of Civil Procedure requires that the allegations
of a Complaint include “a short and plain statement of the claim showing that the pleader is entitled
to relief” (Fed. R. Civ. P. 8(a)(2)), and “[e]ach allegation must be simple, concise and direct.” Fed.
R. Civ. P. 8(d)(1). Where a Complaint is “so excessively voluminous and unfocused as to be
unintelligible”, it must be dismissed.  <u>Binsack v. Lackawanna County Prison</u>, 438 <u>F.</u> App’x 158
(3d Cir. 2011). In <u>Binsack</u>, the Third Circuit affirmed a dismissal of a complaint for failure to
comply with Rule 8 because the complaint was “anything but ‘simple, concise, and direct.” The
Court further noted that the complaint “defies any attempt to meaningfully answer or plead to it,
and it left the defendants having to guess what of the many things discussed constituted deliberate
indifference on their part….” <u>Id.,</u> at 160.

Here, even reading the Complaint and Notice to Amend in the light most favorable to Plaintiff, it is clear that the Complaint and Notice to Amend fail to meet the minimum pleading requirements to survive the Motion. Simply put, the Complaint and Notice to Amend do not come close to satisfying the facial plausibility standard because they fail to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Plaintiff's various purported causes of action are haphazardly pled as against all of Defendants, with little to no indication as to what allegations are being made against each specific defendant, such that any meaningful response is impossible.[12]

Further, even the most liberal construction of the Complaint and Notice to Amend in light of Plaintiff's appearance as a *pro se* litigant does not cure their basic failure to set forth facts sufficient to survive a Rule 12(b)(6) motion for dismissal. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."); see also McNeil v. U.S., 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Essentially, the standard applicable to pleadings requires a plaintiff to plead more than the *possibility* of relief to survive a motion to dismiss pursuant to Rule 12(b)(6). Fowler, supra, at 209-10.  For all of the reasons set forth below, Plaintiff has failed to do so here.

### A.  Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted Under the Fair Debt Collection Practices Act.

---

[12] In fact, as to the majority of Defendants, there appear to be no factual allegations asserted whatsoever.

Here, the Complaint does not set forth sufficient facts to support Plaintiff's claims against Defendants under multiple sections of the Fair Debt Collection Practices Act ("FDCPA").  More specifically, Plaintiff makes conclusory allegations that Defendants violated multiple subsections of the FDCPA, but he fails to clearly and/or plainly set forth the factual basis for any of these purported violations. Indeed, Plaintiff identifies only the Foreclosure Action itself and actions taken in connection with that matter as potential factual bases for his FDCPA claims. As a threshold matter, the claims must fail as a matter of law because, as will be set forth in detail below, they violate the FDCPA's one-year statute of limitations, and a foreclosure action itself cannot constitute a valid basis for an FDCPA claim because it does not meet the definition of "debt collection." Even assuming *arguendo* that it did, however, Plaintiff still has failed to set forth sufficient support for any of the claims identified in the Complaint as a matter of law.  These causes of action are supported only by conclusory (and in many cases, highly confusing) statements.

Accordingly, Plaintiff has failed to satisfy even the minimum pleading requirements with respect to his FDCPA claims against Defendants, and the Complaint must be dismissed as a matter of law.

### i.   Plaintiff's claims under the FDCPA must be dismissed, as they are time-barred.

As an initial matter, Plaintiffs' claims against Defendants under the FDCPA are time-barred pursuant to the plain language of that statute. Pursuant to 15 U.S.C. § 1692k(d), claims brought under the FDCPA must be brought "within one year from the date on which the violation occurs."  As to this statute of limitations set forth in the FDCPA, it has been established by courts in the Third Circuit that the statute should begin to run  on "a date which may be 'fixed by objective and visible standards,' one which is easy to determine, ascertainable by both parties, and may be easily applied." Glover v. FDIC, 698 F.3d 139, 150 (3d. Cir. 2012) (internal citation omitted).

7

Applying this standard, the Third Circuit Court of Appeals concluded that a plaintiff's FDCPA claim began to accrue when his mortgage modification agreement was signed, and the statement of the debt collector in that case therefore became "objectively false." Id.

Courts within the Third Circuit have further held that "the course of litigation is not, in itself, a 'continuing violation' of the FDCPA" and that "new communications…concerning an old claim…d[o] not start a new period of limitations." Parker v. Pressler & Pressler, LLP, 650 F.Supp.2d 326, 341 (D.N.J. 2009) (internal citations omitted).

Plaintiff's Complaint in this matter was submitted on May 26, 2017 and filed on May 31, 2017. Thus, the "violation" that caused Plaintiff's alleged damages under the FDCPA must have occurred on or after May 26, 2016, at the earliest, in order for the claims to be timely. Here, a review of Plaintiff's Complaint reveals that he may be attempting to improperly circumvent the FDCPA statute of limitations by specifically referencing communications and other events that have occurred within the past year.  For example, he states in the Complaint that "Defendants misrepresented the of the amount of the alleged debt …from 05/30/16 until now" and that "Defendants have file (sic) 12 docket entries from 05/23/16 to attempt to collect a debt…" (Comp. at ¶¶ 22, 40). However, it is clear that each of the communications that Plaintiff alleges violated the FDCPA occurred within the context of, and/or in furtherance of the prosecution of, the Foreclosure Action.   The Foreclosure Action was filed on September 29, 2015, and was subsequently contested by Plaintiff. To this point, it has been further held in this Circuit that FDCPA claims are predicated upon improperly bringing debt collection litigation, the one-year limitations period begins to run, *at latest*, when the debtor is served with process. See Schaffhauser v. Citibank, 340 F. App'x 128, 130-31 (3d Cir. 2009).

Applying the standard set forth above that our courts have established regarding when the FDCPA statute of limitations begins to run, any argument by Plaintiff that communications made or sent to him after that date should somehow "restart" the statute must be rejected as a matter of law.  Given the pendency of the Foreclosure Action at that point and Plaintiff's active involvement in the action, any such communications merely would have been made in the "course of litigation" and, as was made clear by the District of New Jersey in <u>Parker</u>, new communications concerning an old claim do not "reset" the statute of limitations.  <u>Parker</u>, 650 <u>F.Supp.</u>2d at 341.  Indeed, the communications and actions at the heart of Plaintiff's FDCPA cause of action directly pertained to and were in furtherance of the Foreclosure Action.   In no way could any of these actions constitute an event that would restart the statute of limitations under the FDCPA, based upon the well-settled jurisprudence set forth above.

Consequently, Plaintiff's FDCPA claim must be dismissed on the ground that it is barred by the applicable one-year statute of limitations.

### ii.  The filing and prosecution of the Foreclosure Action does not constitute "Debt Collection."

In addition to Plaintiff's FDCPA claim being time-barred, this cause of action must also be dismissed because the filing and prosecution of the Foreclosure Action, which forms the basis of his claims herein, does not constitute "debt collection" under the statute.

In this regard, federal courts nationwide have expressly recognized that the FDCPA does not apply to the enforcement of security interests against property.  For example, the Eastern District of New York found in <u>Boyd v. J.E. Robert Co.</u>, No. 05-cv-2455-KAM-RER, 2013 U.S. Dist. LEXIS 140546 (E.D.N.Y. Sept. 27, 2013), in the context of an FDCPA Complaint based upon foreclosure proceedings on a utility lien that "the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection

9

for purposes of the FDCPA." Id. at *29 (citing Derisme v. Hunt Leibert Jacobson P.C., 880 F.Supp.2d 311, 325 (D. Conn. 2012)) (which noted that "a majority of courts who have addressed this question have also concluded that foreclosing on a mortgage does not qualify as debt collection activity for purposes of the FDCPA") (further internal citations omitted).

The Court further cited to and relied upon numerous Circuit Court and District Court rulings nationwide, all of which have reached the conclusion that the prosecution of foreclosure proceedings does not constitute "debt collection" under the statute. Id. at *33-34 (citing e.g. Glazer v. Chase Home Fin., LLC, 704 F.3d 453, 460 (6th Cir. 2013) ("The view adopted by a majority of district courts, and the one followed below, is that mortgage foreclosure is not debt collection. This view follows from the premise that the enforcement of a security interest, which is precisely what mortgage foreclosure is, is not debt collection."). Boyd also cited with approval the decision of the District of Minnesota in Gray v. Four Oak Court Ass'n, Inc., 580 F.Supp.2d 883 (D.Minn. 2008), which reasoned as follows:

> The FDCPA does not define "the collection of any debt." However, the statute's definition of a "debt collector" clearly reflects Congress's intent to distinguish between "the collection of any debts" and "the enforcement of security interests." 15 U.S.C. § 1692a(6). The first sentence of that definition defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). The third sentence of § 1692a(6) provides that for purposes of § 1692f(6), a debt collector is also "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." If a party satisfies the first sentence, it is a debt collector for purposes of the entire FDCPA. If a party satisfies only the third sentence, its debt collector status is limited to § 1692f(6). However, if the enforcement of a security interest was synonymous with debt collection, the third sentence would be surplusage because any business with a principal purpose of enforcing security interests would also have the principal purpose of collecting debts. Therefore, to avoid this result, the court determines that the enforcement of a security interest, including a lien foreclosure, does not constitute the "collection of any debt." [Id. at 887-88).]

10

The Boyd court concluded that the prevailing approach among federal district courts, as espoused by the District of Minnesota in Gray, was correct and based upon a proper reading of the statutory language.  As such, because the enforcement of security interests is distinct from debt collection under the FDCPA, foreclosure actions in which no monetary judgment is sought against a debtor do not constitute debt collection for purposes of the statute.  Boyd, supra, at *40.

Here, a review of the Complaint plainly reveals that the "debt collection activity" which Plaintiff claims violates the FDCPA is the Foreclosure Action itself.  Once again, the Complaint contains numerous references to "fraudulent deceptive forms and fraudulent affidavits in the county record," "deceptive forms filed in state court" and the filing of "docket entries."  (See e.g. Compl. at ¶¶ 20, 22, 40). Inasmuch as Plaintiff fails to identify any other collection activity taken by any of Defendants in his Complaint, it is clear that the "collection action" to which he refers is, in fact, the Foreclosure Action.

As is also readily clear from the Foreclosure Complaint, and other pleadings and documents filed in the Foreclosure Action, that action was a proceeding in equity to enforce the security interest in the Property under the Mortgage, and it does not seek any monetary judgment or collection of debt under the Note.  Thus, in accordance with the rule followed by the majority of District Courts in such actions, as discussed above, Plaintiff's Complaint must be dismissed because he fails to allege any debt collection activity on the part of any of Defendants that would be actionable under the FDCPA.

### iii. Litigants and their attorneys are immune from challenges to statements made in the Foreclosure Action.

Count 1 alleging violations of the FDCPA should be dismissed on the additional ground that any challenges raised to statements made by Defendants in the course of the Foreclosure Action are immune from suit. As held in Pawlowski v. Smorto, 588 A.2d 36, 41 (Pa. Super. 1991),

11

"[s]tatements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged, and, therefore cannot form the basis for liability," in that case, for defamation.  The court in <u>Smith v. Griffiths,</u> 476 <u>A.</u>2d 22, 24 (Pa. 1984), explained the public policy basis for such immunity, so that "all persons involved in a judicial proceeding are encouraged by the privilege to speak frankly and argue freely . . . ."

In Count 1 of the Complaint, Plaintiff alleges that "Trustee US BANK and NATIONSTAR MORTGAGE communicated with third parties, like the clerk of county, attorneys, the court of common pleas, sheriff and his deputies, skip tracers, property inspectors, process servers talking with neighbors for information." (Compl. at ¶ 15). Similar allegations of false statements and use of falsified filings in the Foreclosure Action are spread throughout the various counts of the Complaint. For example, Paragraph 20 alleges that deceptive forms and affidavits were filed. (<u>See</u> <u>also</u> Compl. at ¶¶ 21, 22, 27-29, 33, 35-37, 40, 54, 56-58, 90, 91, 100, 108, 114, 115-117). To the extent that such statements and communications were made and/or filed in the course of judicial proceedings, Defendants are immune from suit. Accordingly, Count 1 of Plaintiff's Complaint must be dismissed.

## B.  The Court Previously Dismissed Count 2 Alleging "Constitutional Violations".

The Court dismissed Plaintiff's Count 2 alleging "Constitution Violations" by way of its May 31, 2017 and June 26, 2017 Orders. Thus, such claims need not be addressed in this motion.

## C.  Count 3 Alleging "Unjust Enrichment" Should Be Dismissed Because the Theory is Inapplicable in a Contract Dispute.

In order to state an unjust enrichment claim under Pennsylvania law, a plaintiff must allege that: "(1) [the] plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of

the benefit." <u>Com. Ex. rel. Pappert v. TAP Pharm. Prods., Inc.</u> 885 <u>A.</u>2d 1127, 1137 (Pa. Commw. Ct. 2005). A claim for unjust enrichment sounds in quasi-contract. <u>See Sevast v. Kakouras</u>, 591 <u>Pa.</u> 44 (Pa. 2007), "A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another." <u>Birchwood Lakes Community Asso. v. Comis</u>, 442 <u>A.</u>2d 304, 308 (Pa. Super. 1982).

Because of the quasi-contractual nature of an unjust enrichment claim, the doctrine does not apply "when the relationship between the parties is founded on a written agreement or express contract." <u>Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh</u>, 776 <u>F.</u>2d 1174, 1177 (3d Cir. 1985). Indeed, "[d]ismissal of an unjust enrichment claim is appropriate upon a motion to dismiss when the relationship between the parties is founded on a written instrument." <u>Harold ex rel. Harold v. McGann</u>, 406 <u>F.Supp.</u>2d 562, 579 (E.D. Pa. 2005).

Here, Count 3 is inapplicable to the instant action, as Plaintiff's claim is based upon the mortgage. Since the mortgage is a written agreement that formed the relationship of the parties, Plaintiff's claim for unjust enrichment must be denied.

**D. Count 4 Alleging Abuse of Process Should be Dismissed Because it Does Not Allege the Elements of Such a Cause of Action.**

In Count 4, Plaintiff alleges that the assignments of mortgage were improperly filed because the parties filing the assignments were "debt collectors" and "debt collectors don't have mortgage assignments." (Compl. at ¶ 87). Plaintiff further alleges that, "[p]romissory notes, foreclosures, assignments, mortgages, that language is for creditors, lender, mortgagees not for debt collectors. Debt collectors cannot fabricate mortgage assignments to have standing In [sic] a court." (Compl. at ¶ 96). The allegations are almost impossible to comprehend. To the extent that they can be understood, they appear to be challenging the validity of the assignments of mortgage

13

being relied upon in the Foreclosure Action. Other allegations, such as those in Paragraph 100,

appear again to suggest that false statements were made in the Foreclosure Action - claims against

which Defendants have immunity. (Compl. at ¶ 100).

As explained in <u>Shiner v. Moriarty</u>, 706 <u>A</u>.2d 1228, 1236 (Pa. Super. 1998):

> "The tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.'" <u>Rosen v. American Bank of Rolla</u>, 426 <u>Pa. Super.</u> 376, 627 <u>A</u>.2d 190, 192 (Pa. Super. 1993)(quoting RESTATEMENT (SECOND) OF TORTS § 682). "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." <u>Id.</u> This tort differs from that of wrongful use of civil proceedings in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. <u>See id.</u> The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. <u>Id.</u> In support of this claim, the Shiners must show "some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process . . .; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." <u>Di Sante v. Russ Financial Co.</u>, 251 <u>Pa. Super.</u> 184, 380 <u>A</u>.2d 439, 441 (Pa. Super. 1977) (quoting PROSSER, TORTS, § 100, at 669 (2d Ed. 1955)).

Because Plaintiff concedes that process was used for its express purpose, <u>i.e.</u> foreclosure,

Count 4 should be dismissed as a matter of law.

## E. Count 5 Alleging Invasion of Privacy Fails to State a Claim as a Matter of Law.

In Count 5, Plaintiff alleges that Defendants, or some of them, committed the tort of the

invasion of privacy. Plaintiff pleads that the basic elements of such a cause of action are to

unreasonably (either intentionally or negligently) reveal private facts about a plaintiff that are not

matters of legitimate public concern. (Compl. at ¶ 105). However, Plaintiff does not then recite

any facts that would support such a claim.

Plaintiff alleges, again, that certain Defendants are "debt collectors" and that Plaintiff did

not give Defendants permission to contact him. (Compl. at ¶¶ 106-107). Plaintiff goes on to state

14

that Defendants filed a "fraudulent affidavit and deceptive form with our name on it and put it in the public." However, it is not possible to determine what Plaintiff is referring to in his allegation. (Compl. at ¶ 108). Plaintiff also claims that Defendants "[H]ad armed men and process servicer [sic] bang on our doors looking in our windows, trespassing walking [sic] around our properties," which appears to be referring only to the fact that there was an attempt to serve process upon him. (Compl. at ¶ 111).

Plaintiff does not allege the revelation by any of Defendants of private facts. Therefore, the facts as alleged in the Complaint do not state a claim for invasion of privacy, even as the law is stated in the Complaint itself.

Finally, to the extent that Plaintiff may be referring to events that occurred more than one year prior to the filing of the Complaint in May 2017, these claims should be dismissed under the one-year statute of limitations. 42 Pa.C.S. § 5523. Because Count 5 fails to state a cause of action, it should be dismissed.

### F. Count 6 (Erroneously Designated as Count 5) Alleging Libel and Slander Fails to State a Claim as a Matter of Law.

In the sixth count (erroneously designated as the second Count 5), Plaintiff alleges that "[o]n or around 08/2015, US BANK, Richard Davis, NATIONSTAR MORTGAGE, Jay Bray, Saline Baca, Jessica Moore, SHAPIRO AND DENARDO, Sarah K. Mccaffrey [sic], Andrew Friedrich, William Viana, Katherine M. Wolf, Matthew T Eyet [sic], Alina Eyet, William Sandelands, Cara Ann Murphy, Mitchell E. Zipkin, and SANDELANDS EYET LLC, Have [sic] made written and oral statement to start a illegal foreclosure." (Compl. at ¶ 113). Plaintiff further states that Defendants were "[s]tating that they are creditors with a bogus and deceptive form that is in the public record." (Compl. at ¶ 113).

Once again, it appears that the statements of which Plaintiff now complains are the pleadings filed in the course of the Foreclosure Action. As set forth in Point I(A)(i), <u>supra</u>, the parties and their witnesses and attorneys are immune from suit under such a theory. Therefore, Plaintiff's claim for libel and slander should be dismissed.

Indeed, the entire claim under Count 6 for Libel and Slander appears to be based upon alleged false statements and filings in the Foreclosure Action, and therefore, that entire Count is subject to dismissal on the basis of immunity. In addition, to the extent that Count 6 is intended to address conduct in or about August 2015, such as the filing of the Complaint in the Foreclosure Action, such claim is barred by the applicable one year statute of limitations applicable to libel and slander actions under 42 Pa.C.S. § 5523.

### G.  Count 7 Alleging Trespass Must be Dismissed

On August 14, 2017, Plaintiff filed a Notice to Amend removing Jessica Strader as a party defendant, and asserting an additional cause of action against Defendants for "trespassing on my property without rights pursuant to the seventh amendment of the U.S. Constitution." (Notice to Amend at ¶ 2). Plaintiff further states that his Property consists of "my house my time my name my mental thoughts and energy." (Notice to Amend at ¶ 3). Plaintiff goes on to state that he has not seen a statement under oath or affirmation (presumably in the foreclosure action), and that "[t]his is clearly harassment and domestic terrorism." (Notice to Amend at ¶ 7). He contends that the conduct of which he complains has occurred on unidentified dates over "the past three years." (Notice to Amend at ¶ 7).

As noted above, <u>Fed. R. Civ. P.</u> 8(b) requires a "short plain statement of the claim showing that the pleader is entitled to relief." It is not possible to discern the nature of the claim asserted, based upon the foregoing statements, or the date of the events at issue, or the nature of the conduct of which Plaintiff complains.  As set forth above, to the extent that Plaintiff is complaining of the

filing and prosecution of the Foreclosure Action, Defendants are immune from suit based upon any alleged false statements.

In addition, if the pleading is intended to state a claim for trespass, the statute of limitations for a trespass action under Pennsylvania law is two years; therefore, Plaintiff's claims as to any actions earlier than two years from the date of the filing of the complaint are barred. 42 Pa. C.S. § 5524(4).

There is one reference to the alleged changing of the locks on Plaintiff's Property by Nationstar. (Notice to Amend at ¶ 11 and Compl. at ¶ 7). However, Plaintiff does not set forth any specific facts to support such allegation, including any basis to state that it was an employee or representative of Nationstar that changed the locks. Thus, the claim fails to meet the pleading requirements of Fed. R. Civ. P. 8(b). Even assuming, *arguendo*, that Plaintiff does state a cause of action for trespass, no allegations are made with respect to any other defendant and thus, the claim should be dismissed as to all Defendants except Nationstar on that additional basis.

**H. Since No Facts are Plead that Would State a Cause of Action Against Richard Davis, Michael Bengtson, Jay Bray, Saline Baca, Jessica Moore, Andrea Friedrich or William Viana, the Complaint Should be Dismissed Against Them.**

There are a number of defendants named in the case against whom no facts are alleged that could support a cause of action. Specifically, the only allegations against Richard Davis, and Michael Bengtson are that they are employed by U.S. Bank and that they are therefore "debt collectors." (Compl. at ¶¶ 1, 4). Similarly, the only allegations against Jay Bray, Saline Baca, Jessica Moore, Andrea Friedrich, and William Viana are that they are employed with Nationstar and are therefore "debt collectors" as well. (Compl. at ¶ 2). Because there is no legal claim asserted against these defendants, the Complaint should be dismissed against them.

17

I.   **Since no Facts are Plead that Would State a Cause of Action against SE LLP or any of the Attorney Defendants, the Complaint Should be Dismissed Against Them.**

In addition to the above named defendants, there are a number of attorney defendants in the case against whom no facts are alleged.  Plaintiff makes no specific allegation of any action taken by William Sandelands, Matthew Eyet, Alina Eyet, or Cara Ann Murphy, except to allege that they are all "debt collectors."  The only claim made as against attorney Mitchell Zipkin is that he communicated with Plaintiff in court in the Foreclosure Action.  (Compl., at ¶48).  The absence of any specific allegations as to date of, parties to and content of the communications referenced in itself warrants the dismissal under the requirements of Fed. R. Civ. P. 8.  In fact, SE LLP did not even appear in the Foreclosure Action until a year after its commencement, and, therefore, all communications by anyone at SE LLP were with respect to the ongoing foreclosure and therefore not subject to the FDCPA and also immune from suit under any state law theory.  In this regard, we note that Plaintiff did not file suit against foreclosure counsel. Because there is no legal claim asserted against the law firm or lawyer defendants, the Complaint should be dismissed against them in its entirety.

II.   **THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S CLAIMS CHALLENGING THE FORECLOSURE ACTION.**

In addition to the foregoing, Plaintiff's Complaint and Notice to Amend must be dismissed as the court should decline to exercise jurisdiction over Plaintiff's claims.

### A. Upon Dismissal of Plaintiff's FDCPA Claim, the Court Should Decline Jurisdiction Over the Remainder of Plaintiff's State Law Claims.

Federal district courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party invoking the jurisdiction of the federal courts bears the burden of proving that federal jurisdiction is proper. Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). In determining the existence

of subject matter jurisdiction, "threshold inquiries for the Court are whether the federal statutes upon which plaintiffs base their claims create any enforceable rights or duties and, if so, whether they create a private right of action." National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers, 414 U.S. 453, 456 (1974). Section 1367 of Title 28 of the United States Code provides that "in any civil action of which the district courts have original jurisdiction, the court shall have supplemental jurisdiction over state claims that are sufficiently related to claims in the action within such original jurisdiction." However, "once a federal court dismisses all federal claims for lack of jurisdiction, it must dismiss any supplemental state claims." Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995).

Here, Plaintiff sets forth in the Complaint that the court has original federal question jurisdiction based upon his FDCPA claim. (Compl. at p. 2). Implicit in Plaintiff's claim for original jurisdiction is the presumption that the court has supplemental jurisdiction over the remainder of Plaintiff's state law claims. However, because Plaintiff's FDCPA claim is invalid and must be dismissed for the reasons set forth in paragraph I(A), then the court should decline to exercise original jurisdiction over Plaintiff's supplemental state claims. See Lyon, supra. Thus, dismissal of the entirety of Plaintiff's Complaint and Notice to Amend would be proper.

## B. The Court Should Decline to Exercise Jurisdiction Over Plaintiff's State Law Claims.

To the extent that a complaint invites the federal courts to intervene in a pending state case, it runs afoul of the *Younger* abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Additional Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir. 2005). *Younger* abstention is appropriate only if: "(1) there are ongoing state

proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir. 2008).

### i.    The Younger abstention doctrine applies to bar Plaintiff's claims.

Here, the court should decline jurisdiction over Plaintiff's claims by virtue of the *Younger* doctrine. At the time of filing of the instant action with this court, the state Foreclosure Action was still pending.[13] As such, the first prong of *Younger* is satisfied. As to the second prong, the state proceedings at issue in this case implicate important state interests, as any relief sought by Plaintiff that could be granted by the district court would directly impact the state court's interest in protecting the authority of its judicial system. Interference with the state Foreclosure Action prevents the state court from not only effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any objections interposed. Such interference also results in duplicative legal proceedings, and can readily be interpreted "as reflecting negatively upon the state courts ability to enforce constitutional principles." Huffman v. Pursue Ltd., 420 U.S. 592, 604 (1975).

Finally, the third prong of the *Younger* doctrine is satisfied, as the state court proceedings have afforded and continue to afford Plaintiff a full and fair opportunity to litigate the issues in the Foreclosure Action, as evidenced by the numerous filings by Plaintiff in that matter. A fair reading of the Complaint reveals that Plaintiff is actually complaining of injuries related to the foreclosure. Specifically, throughout the Complaint, Plaintiff sets forth challenges to standing (Compl. at ¶ 28, 40, 51-52, 55, 96-98), the assignment of the mortgage (Compl. at ¶ 33-34, 82, 87-88, 92-94 ), the note (Compl. at ¶ 71, 73), his default under the mortgage (Compl. at ¶¶ 7, 19, 21) and the requisite

---

[13] See Exhibit A.

foreclosure notices that were issued (Compl. at ¶ 49). Such arguments would fall squarely within the purview of the state court proceeding and in fact, have already been raised by Plaintiff and denied by the court in the Foreclosure Action. As such, the court should deny subject matter jurisdiction based upon the *Younger* doctrine.

### ii.    Plaintiff fails to articulate a basis for federal court interference.

Having shown this action presents a compelling case for *Younger* abstention, the burden shifts to Plaintiff to demonstrate that an exception to *Younger* abstention applies. Gray v. Pagano, 287 F. App'x. 155, 158 (3d Cir. 2008). Pursuant to *Younger*, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. Id.

Here, none of these exceptions are present and, therefore, *Younger* abstention principles support dismissal of Plaintiff's claims.

### C.  Alternatively, the Colorado River Doctrine Applies to Bar Plaintiff's Claims for Relief.

Even if the court were not inclined to abstain under the *Younger* doctrine, the court nonetheless should dismiss Plaintiff's claims based on the *Colorado River* doctrine. It is well-settled that the *Colorado River* abstention doctrine[14] allows a federal court to abstain, either by staying or dismissing a pending federal action, **when there is a parallel ongoing state court proceeding.**" Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009). The threshold issue to be considered in evaluating a *Colorado River* abstention case is "whether there is a parallel state proceeding that raises 'substantially identical claims [and] nearly

---

[14] See Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976).

identical allegations and issues.'" Id. (quoting Tang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005)). Complete identity of parties is not always required for abstention. IFC Interconsult, AG v. Safeguard Int'l Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006). Thus, "[t]he cases do not need to be precisely identical, but 'there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case.'" Natl. Collegiate Athletic Ass'n v. Corbett, 25 F. Supp. 3d, 557, 571 (M.D. Pa. 2014).

     If so, courts then weigh six factors to determine whether abstention is appropriate: (1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. Nationwide Mut. Fire Ins. Co., 571 F.3d at 308.

     Here, the court should decline jurisdiction by virtue of the *Colorado River* doctrine. This lawsuit is parallel to the Foreclosure Action, as it involves the same principal parties and the same issues, namely the validity of the Foreclosure Action and the lender's ability to foreclose.

     An analysis of the six-factor test also weighs heavily in favor of abstention. The Court of Common Pleas of Allegheny County has maintained jurisdiction over the parties' dispute since September 2015, as well as jurisdiction over the *res*, namely the borrower's Property. The Foreclosure Action implicates significant state interests, as any relief granted by this court would directly impact Pennsylvania's interest in protecting the authority of its judicial system. Additionally, the majority of Plaintiff's claims and defenses are primarily based on state law and the state court is an adequate forum to review Plaintiff's federal claims. Finally, the state court is capable of protecting the interests of Plaintiff in this litigation, as Plaintiff's claims may still be

vindicated in the Foreclosure Action or through the state appellate process. Accordingly, this Court should respectfully abstain from exercising jurisdiction over all of Plaintiff's claims.

### III.  THE COMPLAINT AND NOTICE TO AMEND SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF COLLATERAL ESTOPPEL.

Finally, Plaintiff's Complaint and Notice to Amend should be dismissed as they are also barred by the doctrine of collateral estoppel. Collateral estoppel operates to bar "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). Prohibiting parties from going to court again after they have had a full opportunity to litigate guards against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979). Under Pennsylvania law, issue preclusion applies if (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. Office of Disciplinary Counsel v. Kiesewetter, 585 Pa. 477, 484 (2005).

As discussed above, Plaintiff has filed this action in an effort to halt and essentially nullify the Foreclosure Action on the ground that said action constitutes "debt collection" pursuant to the FDCPA. However, the state court in the Foreclosure Action has already determined Plaintiff's claims to be without merit and they were dismissed on November 17, 2016.[15] For Plaintiff to obtain the relief he seeks here, the state court's rulings on these points would necessarily need to be revisited and reversed. Under these circumstances, Plaintiff should be collaterally estopped from arguing these points in the present case.

---

[15] See Exhibit E.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint and Notice to Amend must be dismissed, with prejudice, against Defendants pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

**SANDELANDS EYET LLP**
*Attorneys for Defendants*

Dated:  August 25, 2017            By:   /s/ Matthew T. Eyet
                                           Matthew T. Eyet, Esq.
                                           Pa. Attorney I.D. No. 317312
                                           1545 U.S. Highway 206, Suite 304
                                           Bedminster, NJ 07921
                                           meyet@se-llp.com
                                           908-470-1200 (p)
                                           908-470-1206 (f)