## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANCE STRADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 17-684 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| U.S. BANK NAT'L ASSOC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

For the reasons that follow, the respective Motions for Summary Judgment submitted by

Defendant Nationstar (Doc. 117) and Defendants Matthew Eyet, Alina Eyet, William

Sandelands, Cara Ann Murphy, Mitchell E. Zipkin and Sandelands Eyet, LLP (collectively,

"Firm") (Doc. 119) will be granted.

### A.  Nationstar's Motion for Summary Judgment

Plaintiff argues Nationstar's actions that took place on May 30, 2016, violated

15 U.S.C. §§ 1692d and 1692f of the Fair Debt Collection Practices Act ("FDCPA") and

amounted to trespass of the real property (the "Property") owned by his late mother, Sandra

Strader, which allegedly caused damage to the Property and emotional harm to Plaintiff.  *See*

*generally* Amend. Compl. (Doc. 32).  The Court's review of the record, however, indicates

Plaintiff failed to respond at all, *see* Case Mgmt. Order (Doc. 112); Nationstar Reply (Doc. 124),

or put forward any evidence supporting his claims.  Plaintiff failed to establish how Nationstar's

conduct amounted to harassment under § 1692d or was unfair under §1692f.  Nor does Plaintiff

offer any evidence showing Nationstar's actions were unauthorized under the Mortgage or

contest Ms. Strader's Mortgage Loan was in default in May 2016.  Indeed, the terms of the

Mortgage permit Nationstar to inspect and secure the Property "to protect Lender's interest in the

Property and rights under this Security Instrument" when a "Borrower . . . is in default on the Mortgage Loan," *see* Mortgage (Doc. 121-1) at ECF banner p. 8, ¶ 9, as was the case here.  The Court finds the record is devoid of any evidence supporting Plaintiff's FDCPA or trespass claims against Nationstar.  Thus, Nationstar's Motion will be granted.

      **B.**  **The Firm's Motion for Summary Judgment**

The record establishes that Plaintiff was not a debtor, formalized executor or administrator or personal representative of the Property or his mother's estate.  *See* Pl.'s Resps. to Discovery Requests (Doc. 121-2) at p. 6, ¶¶ 1, 2; Order (Doc. 111) at p. 2 (holding the same). Nevertheless, Plaintiff advances several arguments alleging that the actions taken by the Firm during the Property's foreclosure proceedings violated 15 U.S.C. §§ 1692g and 1692e(11) of the FDCPA.  *See* Amend. Compl.  As an initial matter, it is difficult for the Court to understand how Plaintiff has satisfied the FDCPA's definition of "consumer" to bring an action under either § 1692g or § 1692e(11) of the FDCPA.  *See* Firm Br. (Doc. 120) (listing cases).  Putting the issue of standing aside, however, Plaintiff's claims against the Firm are unsupported by the record as discussed below, and as evidenced by Plaintiff's failure to file a Response.  *See* Case Mgmt. Order; Firm Reply (Doc. 123).

First, Plaintiff's Amended Complaint can be liberally construed as arguing that the Firm failed to provide a separate and new "Dunning letter."  *See generally* Amend. Compl.  The Court is not surprised that the Firm does not dispute this, *see* Firm Br. at p. 5, ¶ 16, given that the initial debt collector issued a § 1692g-compliant notice, thereby negating the need for the Firm or its attorneys to issue separate and new Dunning letters as successor counsel.  *See id*. at pp. 11-13 (listing cases).  Thus, the Firm's Motion with respect to the Dunning letter will be granted.

Next, Plaintiff claims the Firm failed to provide notice of validation of debts pursuant to § 1692g(a) and/or (b) following an alleged initial communication on or around August 25, 2016. The Court, however, agrees that the Firm's formal pleadings, including Mitchell Zipkin's Notice of Appearance, fell within the 1692g(d) exception and did not amount to an initial communication. *See id*. at p. 13.  To the extent Plaintiff construes Zipkin's appearance as requiring counsel to identify himself as a debt collector pursuant to § 1692e(11) or the Firm's defense against Plaintiff's counter-claims against the Bank amounted to debt collection, the Court disagrees for the reasons provided by the Firm. *See id*. at pp. 12-16.  As such, the Firm's Motion regarding an alleged initial communication in violation of the FDCPA on or around August 25, 2016, will be granted.

Next, Plaintiff claims that Defendants Matthew Eyet and Sandelands Eyet LLP violated § 1692g related to a September 20, 2016 letter sent by Matthew Eyet on behalf of Sandelands Eyet LLP.  For the reasons above, Defendants were not required to validate the debt given the predecessor counsel satisfied this requirement.  To the extent Plaintiff complains that the September 2016 letter violated § 1692e, Plaintiff once again failed to demonstrate any violation of the FDCPA—and could not—as there were no false or misleading representations in the September 20, 2016 letter. *See generally* Firm September 20, 2016 Letter (Doc. 121-16).  Thus, the Firm's Motion involving the September 20, 2016 letter will be granted.

Lastly, the record indicates Defendants Alina Eyet and William Sandelands were not involved in this case, and William Sandelands has since passed. *See* Firm Br. at p. 16; Notice of Death (Doc. 136, as amended in Doc. 137).  Plaintiff also failed to provide any evidence to support his claims against these Defendants.  Accordingly, the Firm's Motion as to Alina Eyet and William Sandelands will be granted.

For these reasons, Defendants' Motions for Summary Judgment (**Docs. 117 & 119**) are

**GRANTED.**

IT IS SO ORDERED.

November 17, 2023                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):
All Counsel of Record